fused, and the plaintiff left to his remedy on the arbitration bond, or the award. But here the defendant sets up no excuse for not obeying the award. It is not enough for his counsel to say, that he may be a bankrupt or unable to pay.

He has refused obedience to the rule of this court, without offering any excuse for doing so, or shewing any cause why an attachment, pursuant to the statute, should not issue against him.

Let the rule be made absolute.

*Rule absolute.*

CITED *in Den, Hendrickson* v. *Hendrickson,* 3 *Harr.* 367.

---

### HOUSTON ET AL. ADSM. WOODWARD.[*]

In case for overflowing lands, &c. Matter of practice, respecting rules for jury of view.

*H. W. Green* for the defendant, stated, that a rule had heretofore been granted in this cause for a jury of view, but the cause had not been tried at the Circuit to which such jury had been awarded. He now inquired if it was necessary to enter a new rule for a struck jury; the rules of practice being silent upon the subject.

He suggested that it had been usual to renew the rule in conformity to the practice of the courts at Westminster Hall. But here the same reason did not exist. In the English practice, the rule uniformly specifies the time and place of the view : and therefore it became necessary if the cause was not tried at the next term, to renew the rule. The rule in this court does not specify the time for the view—which is fixed by the sheriff or the attorneys, and there appeared no necessity for a renewal of the rule.

---

[*] Decided orally at September Term, 1839.

PER CUR :   Juries of view are ordered by thi court in pur-
suance of statute; *El. Dig.* 268, *pl.* 11, and when a rule for
such a jury is once entered, it continues in force, until the cause
is tried, or the rule discharged.

---

## McKELWAY AND GRAY ADS. JONES.*

In trespass.

Process issued against both defendants, served on one only, and no appearance
entered for the other; but a plea, without his authority, filed for both of
them; the cause tried and he on whom process was served being acquit-
ted, and the other defendant found guilty by the jury, without notice of
the suit or trial: proceedings and verdict set aside, as against him.

*H. W. Green,* for defendant Grav.

*W. Halsted,* for plaintiff.

HORNBLOWER, C. J. The summons in this case was returned,
served on McKelway, and *non est,* as to Gray.   The former re-
sided at Trenton, in the county of Hunterdon, and the latter at
Camden, in the county of Gloucester.   McKelway handed the
copy of the summons which had been served on him, to Mr.
Hamilton an attorney and counsellor of this court, requesting
him to take care of his interests in the cause.   The plaintiff filed
a declaration against both defendants, as if both had been served
with process, or appeared to the action, although in point of fact,
no appearance had been entered for either of the defendants.
Some time after the declaration had been filed, Mr. Hamilton,
inadvertantly, or if by design, without any authority from Gray,
put in the plea of the general issue for both defendants.  On the

---

* Decided orally at February Term, 1839.